ELIZA DAVIS, Administratrix, and others *v*. MARIA JENNINGS.

October Term, 1876.

MARRIED WOMAN — CANNOT BIND HERSELF BY TITLE-BOND. — A title-bond executed by husband and wife will not sustain an action against the latter, or her heir, at any rate in the absence of proof showing its execution by the *feme* under a power given to her in the deed under which she held the land.

*M. M. Brien*, for complainants.
*M. B. Howell*, for defendant.

THE CHANCELLOR : — The bill makes this case : On July 16, 1855, Nathan J. Adams and Lucy Ann Adams, his wife, join in a bond to Samuel Davis, in the penalty of $2,000, conditioned to make to him a deed in fee-simple to a lot of land described, as soon as they should perfect the title to the land to the satisfaction of Davis, and Davis paid the balance of $1,000 purchase-money, of which he had already paid $750. On June 6, 1856, Nathan J. Adams died intestate, leaving his widow, and, says the bill, " his only heir-at-law " him surviving. On July 23, 1858, the said Lucy Ann Adams, the widow, died intestate. Neither husband nor wife left any children surviving, nor any estate, except as afterwards mentioned, and no administration has ever been taken out on the estate of either. Davis was put into possession of the lot sold him, and he and his heirs remained in possession until about January 5, 1874, when they were evicted by the termination of a suit commenced in 1860 by third persons claiming under an older and better title than Adams and wife. Davis died pending the suit, and complainants are his widow, also administratrix of his estate, and his children. The defendant is the mother of Lucy Ann Adams, and described in the bill as the only heir-at-law of the said Lucy A., and, as such, in possession of a lot of land described. The bill states that neither Adams nor his wife died possessed of any personal property, and the only property belonging to the estate of either is the lot of land in the possession of the defendant as aforesaid, and that no one can be procured to administer on the estate of either. The prayer of the bill is that this lot be subjected to the satisfaction of the complainants' claim.

There is an allegation of fraud on the part of Adams and wife in covenanting to make title to the lot sold, when they

knew that they could not do so; but this allegation is positively denied by the answer, and there is no proof. Besides, the bond itself, on its face, discloses the fact that the title was defective, and the complainants cannot insist that there was fraud in a matter as to which the purchaser under whom they claim had knowledge.

The bill, on its face, concedes that Nathan J. Adams, the husband, left no estate, either real or personal. Of course, it would be useless, under these circumstances, to appoint an administrator on his estate; and neither the defendant, nor any other person, as his heir, inherited any lands from him by descent, subject to his debts. The land alleged by the bill to be in the possession of the defendant, as heir of Lucy Ann Adams, the exhibit to the bill shows was land owned by her " to her sole and separate use," and in which her husband had no interest. There is, consequently, no right of action in favor of the complainants against the defendant, as heir of Nathan J. Adams, and the complainants can, of course, to this extent, take nothing by the bill.

The right of action of the complainants against Lucy Ann Adams, or her estate, rests solely upon the title-bond, the question of fraud being out of the way. But it is an elementary principle of our law that a married woman cannot bind herself personally by contract, and a note, bond, or other written obligation given by her is simply void. *Sheppard* v. *Kindle*, 3 Humph. 80; *Yeatman* v. *Bellmain* 1 Tenn. Ch. 589. A covenant to convey real estate, not executed under an express power, is within the rule, and void. *Pilcher* v. *Smith*, 2 Head, 208. Our statutes which authorize a married woman to convey her land by deed, jointly with the husband, upon privy examination, do not extend to the execution of a power of attorney or a title-bond. *Gillespie* v. *Worford*, 2 Coldw. 632; *Moseby* v. *Partee*, 5 Heisk. 26. To sustain this bill, it was incumbent upon the complainants to aver and show that the *feme covert* was authorized by the deed under which she held the land

mentioned in the title-bond to convey the same by title-bond. *Gray* v. *Robb*, 4 Heisk. 74. This is not done ; and if we look to the deed itself, produced by the defendant, we find no such power. Moreover, the power, if it existed, would probably only operate to convey the interest of the *feme* in the land, and would not authorize her to bind herself personally. The instrument sued on does not give the complainants any right of action for money against the estate or heir of the *feme*. It may be added that the defendant expressly denies that she is the heir of her daughter, and there is no proof. The bill must be dismissed, with costs.